United States v. Trujillo. Case number 21-1323. May I please report? Candace Corelli, Assistant Federal Public Defender for Mr. Trujillo. In this case, the district court enhanced Mr. Trujillo's sentence for having ammunition in his pocket by about three years because it believed that the law only required that he a gun with a defaced snipper that was in the car while he drove it. It was in someone else's car while he drove it. But because the correct standard was whether Mr. Trujillo intended to possess the firearm, and the evidence does not support constructive possession, reversing can be considered. First, we know that the district court relied on constructive possession. The court said it did not believe Mr. Carrera, whose testimony could have supported actual possession. But the court chose to anchor its findings instead in constructive possession. And we know that, in relying on constructive possession, the district court did not implicitly find the tip. I'm sorry, I didn't hear what you said there, counsel. I apologize. It didn't explicitly. Didn't it implicitly find intent when it found that there was at least constructive possession of the weapon? And this was after defense counsel had given the definition essentially of constructive possession, the ability and intent to exercise control over the firearm. And then immediately after, the court says, okay, yes, I find by a preponderance of the evidence, there was... Dominion and control. Right. Dominion and control. But then he said, and at least constructive possession. Isn't that implicit in that remark or not? Okay. For four reasons. You need some water, counsel? There you go. Yeah, go ahead. Yeah. Take your time. For four reasons. The court twice asked the prosecutor for the standard, and the prosecutor twice supplied the incorrect standard. And then the government and the court, when the court imposes the enhancement, it almost identically, in phrasing and words, copies the prosecutor. So the government says, knowing it's there, having the ability to control that weapon. And then the court, when it imposes the enhancement, says, knew it was in the car. That constructive possession. Control over that weapon. It's nearly identical to the prosecutor's explanation. And so this court can be confident that the defense attorneys later on did not convince the court to consider intent. And we What about the defense counsel's correction? That happened after the prosecutor made that statement. And the defense counsel, to the defense counsel's credit, makes a correction and says it correctly. Yes. Why don't we assume that the court, first of all, the court is presumed to know the law. And why isn't that an even stronger presumption here where the defense counsel has just told the court? If the court had only said constructive possession, we wouldn't be able to show that he was applying the wrong standard. But he doesn't. He says control over that weapon while he's driving the car. And that is insufficient. And it does not address intent. So we know that the defense counsel offered intent. I don't think she convinced the court that that was the standard he needed to apply. And we know that he echoes the prosecutor when he speaks. And then when we look at the court's comments, he is using his grammar control as if it is synonymous and interchangeable with control, constructive possession of control. He says, knew it was in the car, had constructive position, control over that weapon. He's using them as interchangeable. But it's not. And it's a reasonable inference that he was confused. And the prosecutor as well, because that's what the law used to be. But because of the way that the court describes his comments and what we have after he says constructive possession, we know that the district defense attorney did not convince him. And the government's forfeiture argument also fails. This argument fails because it relies on circular reasoning. If the court at the beginning didn't understand possession, it wouldn't have understood possession when it signed that order. And then third, government cannot meet its burden to show this court that the convinced this court that the district court would have been compelled to impose the enhancement. The facts weigh against. There's no forensic evidence linking Mr. Trujillo to this guy. What about the fact that it was found on the floor? He's driving the car and it's on the floor on the driver's side between his feet. That's pretty good. Pretty good for constructive possession, isn't it? What makes that not enough as far as the intent factor? The much stronger inference is that the forward collision, the forward momentum from the collision held items in the car from any resting place in the car that could have been under the seat, could have been the driver's side pocket. It could have been in the back seat. What happened with the forward collision? Can you remind me about that? Yes. Was there actually a collision or did he? He was driving at 47 miles per hour and his control collides with the curb and a chain link fence. And the car is... Collides with the curb and what? A chain link fence. Oh, right. Okay. And the car is so damaged that Mr. Trujillo has to be removed from the car. And so it's when he's And I would point this court to Benford. In that case, an officer brings a gun that was found to the defendant. He says, I guess I got to take the charge. That's much more, that's acquiescing to criminal liability. Staring at the gun, silence, we know much, much less about his intent from that. And so I think the much stronger inference is that the gun could have come from anywhere in the car and that would not support intent. Counselor, what weight should we give to Gina DeHara's statement that she saw a gun on his lap? Now the district court said that she was kind of questionable in terms of her reliability and he evaluate that little to none that the district court did. And could we do a DeNoble review and feel like he was entitled to some weight that there was a gun that she said she saw on his lap? Absolutely not. I think that the most appropriate thing is to give it no more weight than the district court did because he was there able to analyze this evidence in the first instance. And not only did she have a motive to protect herself, her husband, she had a pending homicide charge for a shooting death. The court deals with witnesses all the time who have conflicting or even adverse motives. And that was the only argument made by the district court that she had a conflicting motive. But that by itself is often something that the court looks at but doesn't to disregard the evidence entirely. The court could have accepted her testimony but it chose not to. It wasn't power to, it chose not to. And as the district court it should be given. So my question, I understand that the court didn't say he would not consider. The court said I will give little to none. But my question is in our review, can we look at that evidence? I don't think that would be appropriate. I think it should give no more credit than the district court did. And if the district court, it gave it a little credit, it still chose not to rely on her statements. Because her statements would have supported actual possession and he was not comfortable relying on it. I think it would make sense for this court to honor that reason and give deference to the district court's determination on that. Well, the district court actually said he agreed at least in part with defense counsel's argument about relying too heavily or much at all on the somewhat self-serving testimony of the witness. So that's what the district court said and then never clarified what part of defense counsel's argument did it agree with, what part didn't agree with it, what part did it find credible, did it find any part credible. And it wasn't just that the witness testified about the gun on the floor, didn't she also testify that this defendant generally, Mr. Jones generally carried or that he possessed two or three guns? Yes, that was her testimony. What was it exactly? That he generally carried a gun on him. On him. And that in this case, he had a gun on his lap. Yes. So how do we know, was the district court saying perhaps some part of that wasn't credible? Any ambiguity? I think the government still cannot show that the court would have been compelled to accept those statements. And he's not because she's a questionable witness and I think it would be appropriate not to give her more credence in the district court. What's our standard review? The standard of review is to, for this court, the government has the burden to convince this court that the district court would have been compelled to oppose the enhancement based on the evidence, the preponderance of the evidence. And the government can't do that. The evidence just does not support the evidence. Failing to stop the car initially could have been for no more reason than he was in probation, he was absconded, he was got ammunition. It says nothing about his intent. It's the much stronger evidence is that he's, he doesn't want to be caught for absconding from probation. What about Harmon's error? That is the government's burden to prove and they cannot satisfy the burden to show that the district would have been compelled to impose this enhancement. And they cannot because the evidence does not support a preponderance. The location of the gun, as I've discussed before, could be no more than his surprise that it was there because there was a court. District court doesn't have to draw an inference in that direction, does he? It doesn't. And it didn't. But it did not consider intent. And this evidence can go different ways. It can be looked at different ways. And so it's really important that the evidence was he staring at it because he was surprised, or because he had intent to exercise dominion or control, we don't have the answer. And this is a remedy appropriate so that the district court could answer that question in the first instance. And if there are no questions, I'll turn it over to Michael Johnson for the United States. The crux of this case is Mr. Trujillo's argument that the district court applied the wrong legal standard in concluding that Mr. Trujillo constructively possessed the gun that was between his feet when he was stopped. This is an argument that Mr. Trujillo did not press, he did not object, nor did he push the district court for clarification. When the court ruled that Mr. Trujillo constructively possessed the gun, Mr. Trujillo did set forth the correct standard for the court to apply in ruling on constructive possession. And right after, because Mr. Trujillo said intent was necessary, and immediately after the counsel said that, when the court issued its ruling, at issue here is whether the court's ruling was clear. And we submit that the onus was on Mr. Trujillo below to object or to ask for clarification if in fact, there was concern that the court didn't set forth correctly its basis for ruling that there was constructive possession. And so as a consequence, we argue that plain error should apply here. We did argue plain error in our answer brief at pages 12 and 13. We argued that plain error applied as to whether the district court was required to make a specific finding of intent. In the opening brief, Mr. Trujillo argues that the district court applied the wrong legal standard. Now, the argument that we made that a specific finding of intent was at issue and opposing counsel's argument that the district court applied the wrong legal standard, those are related arguments. We submit it's fair to characterize the arguments as addressing this issue of the need for a specific finding of intent, even though Mr. Trujillo didn't specifically make those statements in his opening brief. Because we raised the issue of plain error on pages 12 and 13 of our answer brief, we believe that that should be sufficient to allow the court to consider plain error in ruling on this case, even though we didn't articulate the specific point that was specifically raised in the opening brief. So we believe it's sufficient to allow this court to consider the issue of plain error. Even if this court doesn't view the government's plain error argument as sufficient, we nevertheless believe that because of the failure below to object or to ask the district court for clarification, that it would be reasonable for this court to apply plain error review in resolving this case. If I could mention quickly the four points of the plain error test. As for the first point, whether there was error, we submit that it's not clear from the record that the district court in fact failed to consider the issue of intent in ruling that there was constructive possession. So the record is not clear that there was error. So as to the first prong, we submit that it's not clear that there was error. As to the second prong, what was the error plain? The government's not aware of a case that says that the district court in ruling on an issue such as constructive possession is required to state the legal standard that is applying and why the evidence supports that legal standard. In fact, on that point, counsel, on that point about how much explanation the court has to give, what does our 10th Circuit case of Rodriguez-Delma say about that? Your Honor, I'm not familiar with the case, but based on what the record provides here, if there had been some question to the court as to whether the court was applying the correct standard or not, whether there's some question as to whether the court understood that intent was necessary, that could have been clarified. That's why we're here though. I mean, that's always the case. That's what we're doing here. It wasn't clarified and they didn't have the way here or there. That's correct, Your Honor. Even if there has been a showing that the first and second prongs of plain error have been satisfied, we submit that the third prong of plain error has not been satisfied. That's a requirement of showing that the error was prejudicial and showing a reasonable probability that but for the error, the result of the proceeding would have been different. There are facts in the record here that demonstrate that the court could reasonably find that there was constructive possession. The gun was found on the floorboards between Mr. Trujillo's feet when he was ultimately stopped. He was seen staring at the gun. Why is that significant? I mean, he's looking at the gun. As defense counsel says, if the collision did cause it to go from wherever it might have been to the floorboard, it wouldn't be strange that he's looking at the gun. Does that really push your argument over the line? It's a piece of the puzzle because it suggests that he was aware of the gun, that he was perhaps perturbed or upset that the gun was there between his feet. You say it's a piece of the puzzle. Do you think it's an essential piece of the puzzle or not? It indicates that he's aware that the gun is... What if we disagree? What if we disagree that the looking at the gun that was being pulled out of the car has absolutely no evidentiary impact on whether he knew it was there before the collision? Does your case crumble at that point? No, it doesn't, Your Honor, because there's a third piece. Besides the fact that the gun was found at his feet on the floor in the car, the third piece is that he fled from the traffic stop and ostensibly fled from the traffic stop because he knew he was in possession of this gun. Well, we don't know that. Did he ever say why he fled? The record doesn't indicate why he fled, but it's reasonable. I mean, there could be lots of reasons for somebody to flee a police stop. That's correct, Your Honor. Concerned an outstanding felony warrant or as an example. Yes, he eventually pleads to the ammunition, right? Yes, he does. So he admits the ammunition was here because he could have been playing for that reason. That's exactly right. It's not clear. It's a pretty small piece of the puzzle. It is a piece. We're not saying it's dispositive at all, but those three pieces we submit do support the district court's finding. I'm sorry. Are you relying on the witnesses' testimony at all in your third-prong analysis? We don't need to rely on Ms. De Herrera's statements to the officers to show constructive possessions or show that the district court properly found constructive possession. That those three pieces that I just mentioned would be sufficient. But to the extent that the court may have relied on Ms. De Herrera's statements based on the district court's statement that it agrees, at least in part, that she was not credible, that suggests the court may have placed some amount of emphasis on her testimony and her statements to the officers. Of course, we could presume that the court didn't rely on the witnesses' statement that the gun was on the driver's lap, on Mr. Jones' lap, because the court didn't find actual possession, which was your primary argument, was that there was actual possession because it was on his lap. He had the intent and he had the control. He didn't have to go to constructive possession. That's true. But presumably, since the court didn't find actual possession, can we presume it did not rely on the witnesses' testimony, at least for that aspect of the... Yes, we agree on that. That is correct. Ms. De Herrera did also say that Mr. Trujillo generally was in possession. I'm a little confused. Did the court say, I find, I affirmatively find it was not actual possession, or did the court simply say, I don't need to go there one way or the other? I don't think the court made an explicit finding there was not actual possession any more than the court made a finding there was actual possession. Is that correct or a wrong reading of the record? That is correct, Your Honor. That's an accurate description of the record. Yeah, Judge Bell raises a good point. I guess my question went more to, if the court had believed this witness, wouldn't it have been the easy thing for the court to do to find actual possession, which you were proposing? But we submit we don't need... The government doesn't need to rely on Ms. De Herrera's statements in order to show that there was constructive possession. So we submit that this court can affirm without emphasizing Ms. De Herrera's testimony. To the extent the district court relied on it, to some extent, perhaps it was because Mr. De Herrera said that Mr. Trujillo generally wasn't in possession of a gun, and generally did have a gun near him or with him. And so that... And so the third one we submit can't be established in the plain error test. And quickly as to the fourth prong, whether this case seriously affects the fairness and charity or public reputation of judicial proceedings, we submit that prong cannot be met either, because the district court was apprised of the correct standard to determine constructive possession. Counsel for Mr. Trujillo did advise the court the court needed to find intent. And then immediately after the court did make the finding of constructive possession. And so because it doesn't appear from the record that the court was improperly apprised as to the law on this, and then did issue a ruling right after being apprised of the law, we submit the fourth prong cannot be met either. And then just very quickly, Your Honor, that my arguments regarding the third prong being my same arguments as to the issue of farmlessness, if the court finds that the plain error review does not apply here, then we submit that the case can be affirmed on the ground that any error by the district court was harmless, and you'd be relying on the same arguments that I just made as to the farmlessness issue, the three factors that I addressed, and also potentially the testimony or the statements, at least some of them from Ms. De Herrera to the officers. I'm understanding the plain error argument. Are you saying you made the argument in your brief, but you didn't really develop it? You didn't really? I didn't understand you were making a plain error argument, but you're saying you did make it in your brief? It's at pages 12 and 13 of our answer brief. We did argue plain error, and the argument on plain error was the issue of the need for a in the opening brief that the district court applied the wrong legal standard. That argument is related to the argument that we made in our answer brief that the focus really is on the need for a specific finding of intent. The arguments are related. Our plain error argument is related that the wrong legal standard was applied. We submit that that was sufficient to preserve the plain error argument for purposes of this court's review. Even if this court doesn't find that it was sufficient, that the case should nevertheless be reviewed for plain error because the issue wasn't a product of flow, and it would be reasonable for this court to apply plain error review. I see I'm about to run out of time, and I'm not answering any of the questions the court might have. Judge Abell? No, thank you. Thank you, counsel. Rebuttal? I would like to make two points. The first is about plain error. Plain error is entirely inappropriate in this case. The defense counsel did what she needed to do. She informed the court at the time that the ruling was being made at the time of the motion, and our rules do not require exceptions, so she was not required after he made his ruling to make another objection. She objected. She said that intent was missing from the conversation, and then the court, the government did not raise plain error in its brief. The pages 12 to 13 speak in the almost like alternative, say, had the defense counsel argued that explicit defining of intent was necessary, then plain error review, they would fail, but that's not ever been our argument. Our argument is that there was no implicit finding of intent, which the law requires. We've never said that the law required an explicit finding, and to my second point, the government said that the district court could reasonably find a constructive possession, but that is not the standard for you guys to apply. Being aware, and I also wanted to address his point that looking at was aware that the gun was in his reach. That is not sufficient, and I would just give an example. If I have a passenger getting in my car with her purse, I know she has a purse, and I know that that purse is in my reach, but that doesn't give you any reason to believe that I ever intend to take dominion and control over her gun, and that I have any, I'm sorry, her person have any intent over that, and so I think that that argument fails, and if you, the government made a few points about the pieces of the puzzle. Well, I think what we've got. How would you argue if the purse was on the driver's lap? Could you repeat that one more time? Well, how would you argue if the defendant said, I mean, the driver said, here, let me keep your purse on my lap so we won't get lost or something? That's a fair question. I think it would change the facts. You know, if we had evidence that Mr. Trujillo offered to hold the gun, I think that would change the facts here, but you know, what we do have is in my scenario, we don't know where the gun is, and it could have been propelled by that forward collision from anywhere, and just knowing that the gun was in there doesn't mean he ever intended to exercise dominion over that gun. I think even in that example, Your Honor, if I don't plan to do anything with that purse, I think that is still a tricky question, but to my point about the prosecutor saying that there are small pieces of the puzzle coming together, the standard is would the court be compelled to oppose this enhancement looking at that picture? I think no. You can't even see anything coming together. Thank you. Thank you, counsel. We appreciate it. Appreciate your arguments. They've been helpful and counsel are excused. The case will be submitted.